**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**

Appellate and Supreme Court Litigation Branch
Washington, D.C. 20570

February 5, 2025

<u>**VIA CM/ECF**</u>

Clifton Sislak
Clerk of Court, U.S. Court of Appeals
  for the District of Columbia Circuit
333 Constitution Ave. NW
Washington, D.C.  20001

Re:    *Hood River Distillers, Inc. v. NLRB*,
       D.C. Cir. Nos. 23-1235, 23-1270
       Oral argument held December 13, 2024

Dear Mr. Sislak:

Pursuant to FRAP 28(j), the Board informs the Court of the Ninth Circuit's opinion in *Macy's, Inc. v. NLRB*, --- F.4th ---, 2025 WL 251692 (9th Cir. 2025), holding that the Board's *Thryv* remedy falls squarely within its broad remedial discretion as a measure designed to "make workers whole for losses suffered on account of an unfair labor practice."  *Id.* at *12-16.

*Macy's* undermines Hood River's jurisdictionally barred argument (Bd. Br. 55-56) challenging the Board's *Thryv* remedy here.  Assuming Hood River's arguments were not barred, we note that the Ninth Circuit correctly observed that a reviewing court must uphold the Board's exercise of its remedial discretion unless shown to be a "patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act."  *Macy's*, 2025 WL 251692 at *12-15, *see* Bd. Br. 52-53.

Applying that standard, the Ninth Circuit found that the Board's *Thryv* remedy is consistent with nearly a century of precedent upholding Board remedies aimed at "[restoring] the situation, as nearly as possible, to that which would have obtained but for [unlawful conduct]."  *Macy's*, 2025 WL 251692, at *14-15; *see* Bd. Br. 53-55.  The Board's remedy is limited to concrete pecuniary harms proven in a compliance proceeding and is designed to further the public policies of the Act.  *Id.*

*Macy's* also rejected the same challenges to *Thryv* that Hood River makes here.  (HR Br. 44-45; discussed at Bd. Br. 56-57.)  Namely, *Macy's* held that the *Thryv* remedy does not constitute an improper award of consequential, compensatory, or punitive damages.  *Id*. at *12-14.  And as with backpay and other well-established monetary remedies, any resemblance to private damages is "merely incidental to 'the effectuation of the policies of the Act.'"  *Id.* at *13, 13 n.12.

Very truly yours,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, SE
Washington, D.C. 20570

cc:  all counsel (via CM/ECF)